UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERNST TENEMILLE,

                                    Plaintiff,                         **NOTICE OF REMOVAL**

                -against-                                              Docket No.

RAMAPO POLICE DEPARTMENT, TOWN OF
RAMAPO, SGT. CORBETT, LT. WILLIAM
GRAVINA, POLICE COMMISSIONER
CHRISTOPHER LAWRENCE,

                                    Defendants.
-------------------------------------------------------------------X

        Defendants, by and through their attorneys, SOKOLOFF STERN LLP, as and for their

Notice of Removal, set forth as follows:

        1.      This action was commenced in the Supreme Court of the State of New York,

County of Rockland, against defendants RAMAPO POLICE DEPARTMENT, TOWN OF

RAMAPO, SGT. CORBETT, LT. WILLIAM GRAVINA, and "POLICE COMMISSIONER

CHRISTOPHER LAWRENCE."[1]  A copy of the Summons with Complaint is annexed hereto as

Exhibit "A."  No further proceedings have been had in this action.

        2.      The complaint alleges, *inter alia*, violations of the Title VII, 42 U.S.C. § 2000e, *et

seq.*; 42 U.S.C. §§ 1981 and 1983 (Ex. A at ¶¶ 1, 12, 22, 24, 26, 27), all of which are Federal

claims.

        3.      This case, therefore, falls within this Court's federal question jurisdiction pursuant

to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States."

        4.      Defendants are entitled to remove this action, pursuant to 28 U.S.C. § 1441(a),

which provides:

---

[1] The Town of Ramapo does not employ a "Police Commissioner Christopher Lawrence."

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5.      Defendants first received notice of this lawsuit on or about June 13, 2014.

6.      This Notice of Removal is being filed by all defendants named in this action.

**WHEREFORE**, defendants respectfully request that the above-captioned proceeding, now pending in the Supreme Court of the State of New York, County of Rockland, be removed therefrom to this Court.

Dated: Carle Place, New York
      June 23, 2014

SOKOLOFF STERN, LLP
*Attorneys for Defendants*

By: _____
    STEVEN C. STERN
    ADAM I. KLEINBERG
    MELISSA L. HOLTZER
    179 Westbury Avenue
    Carle Place, New York 11514
    (516) 334-4500
    File No. 140060

TO:
LAW OFFICE OF CHRISTINA T. HALL
& ASSOCIATES, PLLC
*Attorneys for Plaintiff*
600 Mamaroneck Avenue
Harrison, NY 10528
(914) 301-9417

2

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 03/14/201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X

Ernst Tenemille

          Plaintiff,


-Against-


Ramapo Police Department, Town of
Ramapo, Sgt. Corbett, Lt. William Gravina,
Police Commissioner Christopher Lawrence

          Defendant(s)


-------------------------------------------------------------------X

Index #:

Plaintiff desires Rockland County as
the place of trial because the Plaintiff
resides in Rockland County.

Plaintiff's address is 21 Oriole Street
Chestnut Ridge, New York
10901

**SUMMONS WITH
COMPLAINT**

## ACTION FOR A TORT CLAIM

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED TO** serve a notice of appearance on the Plaintiff's
Attorney within twenty (20) days after the service of this summons, exclusive of the day of
service (or within thirty (30) days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear, judgment
will be taken against you by default for the relief demanded in the notice set forth below.

    Dated: March 11, 2014

Christina T. Hall, Esq.
Counsel for Plaintiffs
600 Mamaroneck Avenue
Suite 400
Harrison, New York 10528
914-301-9417

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

Ernst Tenemille

            Plaintiff,

v.

Ramapo Police Department, Town of
Ramapo, Sgt. Corbett, Lt. William Gravina,
Police Commissioner Christopher Lawrence

            Defendant(s)

CIVIL ACTION NO. _____

COMPLAINT AND

JURY TRIAL DEMAND

Plaintiff ERNST TENEMILLE as and for his complaint, by his undersigned counsel, alleges as
follows:

## INTRODUCTION

1.     This is a suit to obtain relief for religious, racial and national origin discrimination, as
well as retaliation, harassment, hostile work environment arising from events that
occurred at the Town of Ramapo police department from January 2012 to the present.
The Plaintiff seeks to recover damages for violations of the Title VII, Civil Rights Act of
1866, as amended, 42 U.S.C. §1981 et seq.,; U.S.C. 1983, the New York State Executive
Law (Human Rights Law) §296; the Administrative Code of the City of New York, §§8-
107.1(a) et seq., and the Common Law of the State of New York.

## JURISDICTION and VENUE

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28
U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28
U.S.C.A. §§1343 AND 1343(4) and under 42 U.S.C.A. §1981, 29 U.S.C.A. §207(a)(1).
Venue is proper under 28 U.S.C.A. § 1391, as the events in question occurred in county
of Rockland New York.

1

3.   The unlawful employment practices alleged herein were committed in whole or in part in
     the Southern District of New York, Rockland County.

4.   A charge of discrimination by plaintiff was filed with the Equal Employment Opportunity
     Commission ("EEOC") on or about May 2, 2013.

5.   Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII.

6.   As the unlawful employment practices complained of herein occurred within the New
     York Judicial district venue is proper in this County.

## PARTIES

7.   The plaintiff, Ernst Tenemille (hereinafter "Tenemille" or "Plaintiff"), a Black male of
     Haitian Descent, is a resident of the State of New York, County of Rockland.

8.   Plaintiff was employed by defendants Town of Ramapo, Ramapo Police Department, Sgt.
     Corbett, Lt. Gravina and Police Commissioner Christopher Lawrence on or about August
     2002. Plaintiff served most recently as a police officer while employed with the
     defendants.

9.   At all times relevant plaintiff was an "employee" of the Town of Ramapo and Ramapo
     Police Department within the meaning of the aforementioned statutes.

10.  Upon information and belief, the Town of Ramapo and Ramapo Police Department are
     New York State municipality, and is engaged in business in the State of New York, with
     an office and place of business in Rockland, New York.

11.  As a supervisor during the relevant period of plaintiff's employment at the Ramapo
     Police Department, Town of Ramapo had the power to make personnel decisions
     regarding Tenemille's employment. Sgt. Corbett, Lt. William Gravina and Police
     Commissioner Christopher Lawrence has aided and abetted the unlawful conduct
     described herein.

12.  At all times relevant to this action, the Town of Ramapo and Ramapo Police Department
     was an "employer" for purposes of Title VII, 42 U.S.C. §2000(e) et seq., and the

aforementioned statutes, and, upon information and belief, employees in excess of 250 people.

## FACTUAL ALLEGATIONS

13.   On or about August 2002, Ernst Tenemille was hired as a police officer on a salaried basis. At all times Ernst Tenemille was competent and qualified for this position.

14.   At all times herein, Ernst Tenemille was an exemplary employee and did not disobey orders and directives from his superiors. As a result he has been a police officer for several years.

15.   As a police officer, Mr. Tenemille was constantly ridiculed for his race and national origin. As a police officer, Mr. Tenemille, was wrongfully disciplined and did not receive the same religious benefits as other police officers in the department.

16.   Officer Tenemille was forced to complete a psychiatric evaluation and lose pay in excess of $10,000 for no lawful reason.

17.   Nevertheless, despite a constant request for Mr. Tenemille to request the day off for his Sabbath he was unlawfully denied.

18.   Plaintiff was denied these opportunities because of the defendants animus towards blacks and Haitians.

19.   Following his complaints, Tenemille was threatened with dismissal and loss of his employment.

20.   Defendant's actions were willful and have been detrimental to his professional development causing Plaintiff financial distress and mental and physical anguish.

## AS AND FOR A FIRST CAUSE OF ACTION

21.   Plaintiff adopts and incorporates each allegation designated above in support of this Count.

3

22.   In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

23.   Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

24.   The defendants retaliated against plaintiff because he complained about the racially discriminatory treatment he was subjected to, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

25.   Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

26.   The defendants retaliated against plaintiff because he complained about the racially discriminatory treatment he was subjected to, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981 and 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

27.   Plaintiff adopts and incorporates each allegation set forth above in support of this count.

28.   In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Civil Rights Act of 1866, an amended 42 U.S.C. Section 1981 and 1983.

## AS AND FOR A FIFTH CAUSE OF ACTION

29.   Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

4

30.     The defendants retaliated against plaintiff by forcing plaintiff to perform work that would place undue stress on him because he complained about the racially discriminatory treatment he was subjected to based on his race and/or national origin, in violation of New York State Executive Law (Human Rights Law) §296.

<h3 style="text-align:center">AS AND FOR A SIXTH CAUSE OF ACTION</h3>

31. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

32.     In light of the foregoing therefore, the defendants' subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the New York State Executive Law (Human Rights Law) §296.

<h3 style="text-align:center">AS AND FOR A SEVENTH CAUSE OF ACTION</h3>

33.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

34.     In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

<h3 style="text-align:center">AS AND FOR AN EIGHTH CAUSE OF ACTION</h3>

35.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

36.     The defendants retaliated against plaintiff by threatening termination of plaintiff's employment for complaining about discriminatory employment practices to which he was subjected based on his race and/or national origin, in violation of Administrative Code of the City of New York, §§8-107.1(a) et seq.

<h3 style="text-align:center">AS AND FOR A NINTH CAUSE OF ACTION</h3>

37.   Plaintiff adopts and incorporates each allegation set forth above in support of this count.

38.   In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory
      hostile work environment on account of his race, being black, in violation of the
      Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR A TENTH CAUSE OF ACTION

39.   Plaintiff repeats and re-alleges each allegation set forth above in support of this
      count.

40.   Defendants refused to allow the plaintiff his Sabbath day off from work based on
      plaintiff's religion, race and national origin.

41.   As actions of the defendants were callous, reckless, willful and totally in disregard of
      plaintiff's rights, plaintiff is therefore entitled to punitive damages against them.

### PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Ernst Tenemille, demands judgment as follows:

      a.   against all defendants, jointly and severally, declaring
           the acts and practices complained of herein are in
           violation of Title VII, the New York City
           Administrative Law and the common law of New York;

      b.   enjoining and permanently restraining these
           violations of Title VII, the New York City
           Administrative Law.

      c.   directing defendants to take such affirmative
           action as is necessary to ensure that the effects of these
           unlawful employment practices are eliminated and do

6

not continue to affect plaintiff's employment opportunities;

d.      directing defendants to make them whole for all earnings he would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

e.      Directing defendants to pay plaintiff an additional amount as compensatory damages for his pain and suffering;

f.      Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

g.      Awarding plaintiff such interest a is allowed by law;

h.      Awarding plaintiff reasonable attorneys' fees and costs;

i.      Trial by Jury; and

j.      Granting such and further relief as this Court deems necessary and proper.

2.    **Under Common Law for Negligence Inflection of Emotional Distress Tortious:**

Awarding plaintiff such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

not continue to affect plaintiff's employment opportunities;

d. directing defendants to make them whole for all earnings he would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

e. Directing defendants to pay plaintiff an additional amount as compensatory damages for his pain and suffering;

f. Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

g. Awarding plaintiff such interest a is allowed by law;

h. Awarding plaintiff reasonable attorneys' fees and costs;

i. Trial by Jury; and

j. Granting such and further relief as this Court deems necessary and proper.

2. **Under Common Law for Negligence Inflection of Emotional Distress Tortious**:

Awarding plaintiff such damages as may be proved at trial, including reinstatement, back pay,

front pay, compensatory damages and punitive damages as well as costs and disbursements of

this action.

Dated:       Harrison, New York        Respectfully submitted,

             March 11, 2014            CHRISTINA T. HALL, ESQ.

                                       Law Office of Christina T. Hall and Associates
                                       Attorney for Plaintiff
                                       600 Mamaroneck Avenue, Ste.
                                       Harrison NY 10528
                                       914-301-9418

TO:
Defendant's Address:
237 Route 59
Suffern, NY 10901

8

## ATTORNEY'S VERIFICATION

Christina T. Hall, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury pursuant to CPLR 2106 and 22 N.Y.C.R.R. 130.1-1:

I am the attorney for the defendant herein. I have read the foregoing statements and known the contents thereof. The same is true to my knowledge except as to those matters stated to be upon information and belief, and as those matters, I believe them to be true. The grounds of my belief as to those matters not stated upon my knowledge are statements and/or records provided by Petitioner, her agents and employees, and the information contained in my office file. This verification is made pursuant to RPAPL 741 and CPLR 3020 and 22 N.Y.C.R.R. 130.1-1 because plaintiff/plaintiff's agent was not available to verify the statements and the Plaintiff resides outside the county where the undersigned's office is located.

Dated: Harrison, New York
        March 11, 2014

Christina T. Hall, Esq.
Law Office of Christina T. Hall
& Associates, PLLC
600 Mamaroneck Avenue
Suite 400
Harrison, New York 10528
(914) 301-9417 (office)
(914) 301-9418 (fax)

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ROCKLAND

---------------------------------------------------------------x

Ernst Tenemille,

    Plaintiff

v.

Ramapo Police Department, Town of Ramapo, Sgt.
Corbett, Lt. William Gravina, Police Commissioner
Christopher Lawrence,

    Defendants

---------------------------------------------------------------x

## COMPLAINT AND JURY TRIAL DEMAND

Signature: _____

    Christina T. Hall, Esq.
Law Office of Christina T. Hall & Associates
600 Mamaroneck Avenue
Suite 400
Harrison, New York 10528

TO:

Ramapo Police Department
237 Route 59
Suffern NY 10901

---

═════ Notice of Entry ═════

PLEASE take notice that the within is a (certified) true
copy of a
duly entered in the office of the clerk of the within
named court on
Dated:

    Yours, etc.

Attorney for:
    Christina T. Hall, Esq.,
    Law Office of Christina T. Hall & Associates, PLLC
    600 Mamaroneck Avenue, Suite 400
    Harrison, New York 10528

To:
Attorney(s) for:

═════ Notice of Settlement ═════

PLEASE take notice that an order

of which the within is a true copy will be presented for
settlement to the Hon.

one of the judges of the within named Court, a

on
at

Dated:

    Yours etc.

To:
Attorney(s) for:
Civil Court Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                           ss:
COUNTY OF NASSAU      )

LINDA KNOX, being duly sworn, deposes and says that deponent is not a party to the

action, is over 18 years of age and resides in Nesconset, New York.

That on June 23, 2014, deponent served the within **NOTICE OF REMOVAL** upon:

LAW OFFICE OF CHRISTINA T. HALL
& ASSOCIATES, PLLC
*Attorneys for Plaintiff*
600 Mamaroneck Avenue
Harrison, NY 10528
(914) 301-9417

At the address designated by said attorney(s) for that purpose by depositing a true copy of same

enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Post Office Department within the State of New York.

LINDA KNOX

Sworn to before me on
June 23, 2014

NOTARY PUBLIC

NICOLE BIUSO
Notary Public, State of New York
No. 01BI6266266
Qualified in Suffolk County
Commission Expires 7/23/2016