# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Ernst Tenemille

          Plaintiff,

v.

Town of Ramapo, Sgt. Corbett, Lt. Gravina
and Police Commissioner Christopher
Lawrence

          Defendant(s)

DOCKET NO. 14-CV-04660 (CS)

COMPLAINT AND
JURY TRIAL DEMAND

---

Plaintiff ERNST TENEMILLE as and for his complaint, by his undersigned counsel, alleges as
follows:

## INTRODUCTION

1.    This is a suit to obtain relief for religious, racial and national origin discrimination, as well
as retaliation, harassment, hostile work environment arising from events that occurred at the
Town of Ramapo police department from January 2012 to the present. The Plaintiff seeks to
recover damages for violations of the Title VII, Civil Rights Act of 1866, as amended, 42 U.S.C.
§1981 et seq.,; U.S.C. 1983, the New York State Executive Law (Human Rights Law) §296; and
the Common Law of the State of New York.

## JURISDICTION and VENUE

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28
U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C.A.
§§1343 AND 1343(4) and under 42 U.S.C.A. §1981, 29 U.S.C.A. §207(a)(1).    Venue is proper
under 28 U.S.C.A. § 1391, as the events in question occurred in the county of Rockland, New
York.

3.   The unlawful employment practices alleged herein were committed in whole or in part in the Southern District of New York, Rockland County.

4.   A charge of discrimination by plaintiff was filed with the Equal Employment Opportunity Commission ("EEOC") on or about May 2, 2013.

5.   Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII.

6.   As the unlawful employment practices complained of herein occurred within the New York Judicial district venue is proper in this Court.

## PARTIES

7.   The plaintiff, Ernst Tenemille (hereinafter "Tenemille" or "Plaintiff"), a Black male of Haitian Descent, is a resident of the State of New York, County of Rockland.

8.   Plaintiff was employed by defendants the Town of Ramapo as a police officer in the Ramapo Police Department. His superior officers were Sgt. Corbett, Lt. Gravina and Police Commissioner Christopher Lawrence. Tenemille gained employment with the Ramapo Police Department on or about August 2002.  Plaintiff served most recently as a police officer while employed with the defendants.

9.   At all times relevant plaintiff was an "employee" of the Town of Ramapo with the Ramapo

Police Department within the meaning of the aforementioned statutes.

10. Upon information and belief, the Town of Ramapo with the Ramapo Police Department are New York State municipalities, and are engaged in business in the State of New York, with an office and place of business in Rockland, New York.

11. As a supervisor during the relevant period of plaintiff's employment at the Ramapo Police Department, the Town of Ramapo had the power to make personnel decisions regarding Tenemille's employment. Sgt. Corbett, Lt. William Gravina and Police Commissioner Christopher Lawrence have aided and abetted the unlawful conduct described herein.

12. At all times relevant to this action, the Town of Ramapo with the Ramapo Police Department was an "employer" for purposes of Title VII, 42 U.S.C. §2000(e) et seq., and the aforementioned statutes, and, upon information and belief, employees in excess of 250 people.

## FACTUAL ALLEGATIONS

13. On or about August 2002, Tenemille was hired as a police officer on a salaried basis. At all times Ernst Tenemille was competent and qualified for this position.

14. On or about June 23, 2008, Tenemille became aware that his employer, the Ramapo Police Department intended to grant Police Officer Glauber, a White, Female, Jewish-American, a modified work schedule to accommodate the observance of her religion and to care of her child.

15. On or about June 23, 2008 Tenemille prepared and filed a similar memo in observance of

his Sabbath. (See attached memo as Exhibit One).

16.　　On or about June 26, 2008 Police Office Glauber filed a memo for a similar request.

17.　　On or about June 27, 2008, Police Officer Glauber's request was approved by order of the Town Supervisor and Police Commissioner, Christopher P. St. Lawrence, a White, Male, Irish-American. (See attached memo as Exhibit Two).

18.　　Tenemille's request was ignored by all levels of administration. In or about July 2012 to October 2012 Ernst Tenemille went on to write approximately fifteen memos, filed three sets of grievances, attended one police commissioner's meeting and involved the local media (Rockland Journal News).

19.　　On or about September 27, 2008, Tenemille was "written up" for using a personal day, which according to Captain Cokeley's accounting, Tenemille did not have on the books. This occurred nine days after Tenemille's three grievances were publicly upheld by Police Commissioner, Christopher St. Lawrence.

20.　　On or about November 16, 2008, Ernst Tenemille was allowed by Chief Brower to work the modified schedule that had been requested. (See attached memo as Exhibit Three).

21.　　On or about November 20, 2008, a new adopted policy, "Religious Accommodation Procedure" was put enforce by the Ramapo Police Department. This new policy made the

accommodations that were granted to Tenemille four days prior, illegal. (See attached policy and procedure as Exhibit Four).

22. At all times herein, Tenemille was an exemplary employee and did not disobey orders and directives from his superiors. As a result he has been an exemplary police officer for several years.

23. As a police officer, Tenemille was constantly ridiculed for his race and national origin.

24. As a police officer, Tenemille, was wrongfully disciplined and did not receive the same religious benefits as other police officers in the department.

25. Tenemille was forced to complete a psychiatric evaluation and lose pay in excess of $10,000 for no lawful reason.

26. Despite a constant request by Tenemille to request the day off for his Sabbath he was unlawfully denied.

27. Tenemille was denied these opportunities because of the defendants animus towards blacks and Haitians.

28. Following his complaints, Tenemille was threatened with dismissal and loss of his

employment.

29.     Defendant's actions were willful and have been detrimental to his professional development causing Plaintiff financial distress and mental and physical anguish.

## AS AND FOR A FIRST CAUSE OF ACTION

30.     Plaintiff adopts and incorporates each allegation designated above in support of this Count.

31.     In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

32.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

33.     The defendants retaliated against plaintiff because he complained about the racially discriminatory treatment he was subjected to, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

34.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

35.     The defendants retaliated against plaintiff because he complained about the racially discriminatory treatment he was subjected to, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981 and 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

36.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

37.     In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Civil Rights Act of 1866, an amended 42 U.S.C. Section 1981 and 1983.

## AS AND FOR A FIFTH CAUSE OF ACTION

38.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

39.     The defendants retaliated against plaintiff by forcing plaintiff to perform work that would place undue stress on him because he complained about the racially discriminatory treatment he was subjected to based on his race and/or national origin, in violation of New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A SIXTH CAUSE OF ACTION

40.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

7

41.     In light of the foregoing therefore, the defendants' subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A SEVENTH CAUSE OF ACTION

42.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

43.     In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

44.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

45.     The defendants retaliated against plaintiff by threatening termination of plaintiff's employment for complaining about discriminatory employment practices to which he was subjected based on his race and/or national origin, in violation of Administrative Code of the City of New York, §§8-107.1(a) et seq. (See attached grievance notifications as Exhibit Five).

## AS AND FOR A NINTH CAUSE OF ACTION

46.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

47.     In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of his race, being black, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.


## AS AND FOR A TENTH CAUSE OF ACTION

48.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

49.     Defendants refused to allow the plaintiff his Sabbath day off from work based on plaintiff's religion, race and national origin.


50.     As actions of the defendants were callous, reckless, willful and totally in disregard of plaintiff's rights, plaintiff is therefore entitled to punitive damages against them.


## PRAYER FOR RELIEF AND JURY DEMAND


WHEREFORE, Plaintiff Ernst Tenemille, demands judgment as follows:

> a.     against all defendants, jointly and severally, declaring the acts and practices complained of herein are in violation of Title VII, the New York City Administrative Law and the common law of New York;
>
> b.     Enjoining and permanently restraining these violations of Title VII, the New York City Administrative Law.
>
> c.     directing defendants to take such affirmative action as is necessary

9

to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

d.    directing defendants to make them whole for all earnings he would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

Directing defendants to pay plaintiff an additional amount as compensatory damages for his pain and suffering;

e.    Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

f.    Awarding plaintiff such interest a is allowed by law;

g.    Awarding plaintiff reasonable attorneys' fees and costs;

h.    Trial by Jury; and

i.    Granting such and further relief as this Court deems necessary and proper.


**Under Common Law for Negligence Inflection of Emotional Distress Tortious:**

Awarding plaintiff such damages as may be proved at trial, including reinstatement, back pay,

front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated:      Harrison, New York      Respectfully submitted,

October 17, 2014      CHRISTINA T. HALL, ESQ.

Law Office of Christina T. Hall and Associates
Attorney for Plaintiff
600 Mamaroneck Avenue, Ste.
Harrison NY 10528
914-301-9418

TO:
Defendant's Address:
237 Route 59
Suffern, NY 10901

11

## ATTORNEY'S VERIFICATION

Christina T. Hall, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury pursuant to CPLR 2106 and 22 N.Y.C.R.R. 130.1-1:

I am the attorney for the Plaintiff herein. I have read the foregoing statements and known the contents thereof. The same is true to my knowledge except as to those matters stated to be upon information and belief, and as those matters, I believe them to be true. The grounds of my belief as to those matters not stated upon my knowledge are statements and/or records provided by Plaintiff, his agents and employees, and the information contained in my office file. This verification is made pursuant to RPAPL 741 and CPLR 3020 and 22 N.Y.C.R.R. 130.1-1 because plaintiff/plaintiff's agent was not available to verify the statements and the Plaintiff resides outside the county where the undersigned's office is located.

Dated: Harrison, New York
    October 17, 2014

Christina T. Hall, Esq.
Attorney for Plaintiff
Law Office of Christina T. Hall
& Associates, PLLC
600 Mamaroneck Avenue
Suite 400
Harrison, New York 10528
(914) 301-9417 (office)
(914) 301-9418 (fax)

**EXHIBIT ONE**



# TOWN OF RAMAPO POLICE DEPARTMENT

## M E M O R A N D U M

To:      Deputy Chief Quinn

From:     OFC. Tenemille, Ernst

Ref:      RELIGIOUS OBSERVANCE

Date:     06/23/08

Sir:

     It has been brought to my attention that the Town of Ramapo is considering recognizing Holy Days for religious officers. As a practicing Seventh Day Adventist I am encouraged by such news and would like to request being excused from patrol on Fridays and Saturdays for religious observance.

Further Sir, as a Christian there are a number of Holy Days which conflict with my work schedule; I will compile a list of these, for your consideration.

Thank you

Ofc. Tenemille, E.

INCL # 1 of 13

**EXHIBIT TWO**



# Town of Ramapo Police Department

# OPERATIONS BULLETIN

No.   OP-08-12                              Issuance Date: 06/30/08
Subject: Transfer of Personnel            Effective Date: 06/29/08
PO Baile Glauber shield # 488

**Distribution: Lt. M. DeMeo, Lt. M. Emma, Lt. D. Holmes, Lt. J. Bakker, Lt. Wm. Gravina, and PO B. Glauber**

**Issuing Authority: Adm. Lt. Wm. Gravina**

Effective June 29, 2008, Sunday PO Baile Glauber shield # 488 has been assigned to the following work schedule. This Officer is to work Sunday through Thursdays (5 days) from 4 pm to 12 midnight.

The officer shall report for duty to the Uniform Patrol Squad that is scheduled to work 4 pm – 12 midnight for the above respective day. The officer shall continue in the FTE program and be assigned to patrol duties with the appropriate Field Training Officer.

The responsibility for attendance, time management and requests for time off are to be forwarded to Lt. Wm. Gravina.

Incl # 3 of 13



**TOWN OF RAMAPO**
237 Route 59
Suffern, New York 10901
(845) 357-5100   Fax: (845) 357-3877

*CHRISTOPHER P. ST. LAWRENCE*
*Supervisor*

*ELAINE SILVERBERG*
*Confidential Assistant*

July 1, 2008

MEMO TO: Chief of Police Peter Brower
Deputy Chief James Quinn

Please be advised that on Friday June 27, 2008, at 12:55 pm, at the request
of Supervisor Christopher P. St. Lawrence, Chairman of the Ramapo Police
Commission, I called Police Officer Bella Glauber and informed her that
she would not have to work on Friday or Saturday.

Sincerely,

Elaine Silverberg
Confidential Assistant to the Supervisor

*INCL.# 2 #13*



**EXHIBIT THREE**



# Town of Ramapo Police Department

# OPERATIONS BULLETIN

No.   OP-08-17
Subject: Transfer – PO E. Tenemille
Shield # 448

**Issuance Date: 11/11/08**
**Effective Date: 11/16/08**

## Distribution: Squad Commanders, Lt. Wm. Gravina, and PO E. Tenemille

## Issuing Authority: Capt. Thomas Cokeley

Effective November 16, 2008 PO Ernst Tenemille will be assigned to the following temporary work schedule:

Sunday through Thursday, either 3:00 pm – 11:00 pm or 4:00 pm 12:00 midnight. The exact hour to report for duty will be at the discretion of the duty Squad Commander or Patrol Sergeant.

PO Tenemille is to report for duty on Sunday 11/16/08, at 4:00 pm.

This temporary work schedule will be reevaluated upon the adoption of the department's Religious Accommodation Scheduling Policy.

**Note: It is PO E. Tenemille's responsibility to check with the duty Squad Commander or the patrol sergeant as to the exact time he is required to report for duty each work day. Responsibility for attendance, time management, and requests for time off are to be forwarded to Lt. Gravina.**

INCL # 11 of 13

**EXHIBIT FOUR**



## The Police Department of the Town of Ramapo
### 237 Route 59
### Suffern, New York 10901

# POLICY AND PROCEDURE

**Subject: Religious Accommodation Policy**
**Issuing Authority: Chief Peter Brower**

*Chief Peter F Brower*

### Purpose

To establish a written policy with regard to Religious Scheduling Accommodation as set forth by the Town of Ramapo.

### Policy

It is the policy of the Department to maintain a procedure for processing religious scheduling accommodation requests that will comply with all state and federal laws as well as all applicable collective bargaining agreements while continuing to ensure the safety and welfare of all the people protected by the Town of Ramapo Police Department. The following procedures were adopted by the Town of Ramapo Police Commission on November 20, 2008.

### Procedures

1. Prior to October 15 of each future calendar year, any officer seeking religious scheduling accommodations for the following calendar year shall be required to submit to the Chief of Police or the Chief's designee a written request listing the name(s) of the holiday(s), date(s), as well as the shift(s) on those dates that the officer is requesting a religious scheduling accommodation. For calendar year 2009 the aforesaid requests shall be submitted within 14 days of the adoption of this policy.

2. Any officer who submits a request for a religious scheduling accommodation shall be required, to the maximum extent possible, to use their vacation days, holiday time, personal days, compensatory time, and accrued time for this purpose. During the vacation selection process any officer seeking a religious

INCI # 10 OF 13

scheduling accommodation must select a week where their religious scheduling needs are greater than any other week for their first vacation selection and continue in this fashion for each successive vacation selection. Any officer requesting religious scheduling accommodations shall be required to use their flex vacation days for this purpose.

3. Any officer who submits a request for a religious scheduling accommodation shall be required to use their compensatory time, their accrued overtime, their holiday time and their personal days to meet their need unless such use will cause manpower to fall below minimum staffing needs on any given shift. When manpower falls below minimal staffing the officer shall be permitted to use mutual swaps or personal days.

4. Whenever an officer utilizes a personal day for a religious scheduling accommodation that will cause manpower to fall below minimum staffing it will be the officer's responsibility to get a replacement officer unless waived by their Squad Commander.

5. Any officer who has submitted a written request for a religious scheduling accommodation may use Authorized Leave Without Pay (hereinafter "ALWOP") under the following conditions:

   a. Before an ALWOP request is approved the officer must provide the Chief of Police or the Chief's designee with a written list of at least 10 officers that they have personally asked to do a mutual swap for the requested ALWOP day. This list will include the names of the officers, the date asked, as well as the date of the requested accommodation.
   b. Whenever an officer is permitted ALWOP the officer shall reimburse the Town for the costs of medical insurance, including dental and vision, as well as pension costs to the Town for each day the officer receives ALWOP. These reimbursements shall be calculated annually.
   c. Whenever an officer is permitted ALWOP the officer will not receive departmental seniority credit for any day in which the ALWOP is granted.
   d. Before an ALWOP request is approved the officer must have exhausted all flex vacation days, holidays, compensatory time, and accrued time. However, when the requested scheduled accommodation will cause manpower to fall below minimum staffing the request will be denied and the officer may use a personal day, mutual swap or ALWOP.
   e. Whenever an officer requests an ALWOP which will cause manpower to fall below minimum staffing it will be the officer's responsibility to get a replacement officer, unless waived by their Squad Commander.
   f. **Under this policy, ALWOP may be granted when the officer needs this scheduling accommodation for a religious observance.**

Policy- Religious Scheduling Accommodation

6. The officer must use TORPD Form # 18, "Request for time off" for each day the officer is requesting a religious scheduling accommodation. This includes ALWOP.

7. Newly hired police officers shall within ten days of their hire, submit to the Chief of Police or the Chief's designee any religious scheduling accommodation requests they may require during the calendar year of their hire. The Chief of Police or the Chief's designee shall consider the officer's request and, if necessary, shall meet with the officer to determine whether the officer's request may be accommodated within the bounds of the Town's collective bargaining agreements, the Town's religious scheduling accommodation policy, and applicable state and federal laws.

8. **IN ALL CASES STAFFING LEVELS REQUIRED TO PROVIDE ADEQUATE SAFETY AND WELFARE OF THE PUBLIC SHALL SUPERSEDE ANY CONFLICTING POLICY PROVISIONS.**

Issue Date- 1st day of December, 2008
Authority Chief Peter Brower

**EXHIBIT FIVE**



# Policemen's Benevolent Association, Inc.

P. O. Box 481 • Route 59 • Tallman, New York 10982-0481
(845) 357-7266 x613

*PRESIDENT*
DENNIS PROCTER

*FIRST VICE PRESIDENT*
SEAN LEE

*SECOND VICE PRESIDENT*
ROBERT CURTIS

*SECRETARY*
DANIEL HYMAN

*TREASURER*
ANTHONY GIARDINA

*LAWYER*
REYNOLD MAURO

*PBA SURGEONS*
ARTHUR GOLDSTEIN, M.D.
RICHARD STRIANO, D.C.
DAVID LIEBERGALL, M.D.
JEFFREY OPPENHEIM, M.D.

*ACCOUNTANT*
TEICH, BEIM & MORO, PC

*MEMBERS OF P.C.N.Y.*

## RAMAPO PBA

## GRIEVANCE NOTIFICATION

**DATE FILED:**              7/15/08

**CONTRACT REFERENCE:**      ASSIGNMENTS

**NAME OF AGGRIEVED:**       OFC. ERNST TENEMILLE

**SQUAD REPRESENTATIVE:**    OFC. COLLINS

### NARRATIVE:

I am a Seventh Day Adventist and have, through observed practice and a department memo (op-08-12) dated 6/30/08, been made aware that the Town of Ramapo is now willing to adjust an officer's schedule to facilitate religious observance or help him/her with specific childcare challenges he/she may have. Though it is documented that such an adjustment was made for one officer in our department, no similar accommodation was made for this officer.

### Proposed Remedy:

Transfer to the now permanent 4 to 12 shift and also Fridays and Saturdays off, for religious observance.

POLICE DEPARTMENT
OF RAMAPO

RECEIVED 15 A 7 25



# Policemen's Benevolent Association, Inc.

*P. O. Box 481 • Route 59 • Tallman, New York 10982-0481*
*(845) 357-7266 x613*

PRESIDENT
DENNIS PROCTER

FIRST VICE PRESIDENT
SEAN LEE

SECOND VICE PRESIDENT
ROBERT CURTIS

SECRETARY
DANIEL HYMAN

TREASURER
ANTHONY GIARDINA

LAWYER
REYNOLD MAURO

PBA SURGEONS
ARTHUR GOLDSTEIN, M.D.
RICHARD STRIANO, D.C.
DAVID LIEBERGALL, M.D.
JEFFREY OPPENHEIM, M.D.

ACCOUNTANT
TEICH, BEIM & MORO, PC

MEMBERS OF P.C.N.Y.

## RAMAPO PBA

## GRIEVANCE NOTIFICATION

**DATE FILED:**             7/15/08

**CONTRACT REFERENCE:**     PERSONAL LEAVE

**NAME OF AGGRIEVED:**      OFC. ERNST TENEMILLE

**SQUAD REPRESENTATIVE:**    OFC. COLLINS

### NARRATIVE:

Through observed practice and a departmental memo (op-08-12) dated 6/30/08, this officer had been made aware that the Town of Ramapo is now granting time off to officers who wish to observe their preferred religion. As such, this officer has on two separate occasions requested time off for the aforementioned reason (religious observance) and was denied same; on both occasions this officer had to use personal days.

### Proposed Remedy:

Credit for the two personal days used; and credit of one personal day, for every religious day I was obligated to work since my first documented request on 7/01/08.

RECEIVED JUL 15 A 7 25 TOWN OF RAMAPO POLICE DEPARTMENT



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER,** a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.

**1. Personal Information**

Last Name: TENEMILLE    First Name: ERNST    MI: T.

Street or Mailing Address: 21 ORIOLE ST.    Apt Or Unit #: N/A

City: CHESTNUT RIDGE    County: ROCKLAND    State: NY    ZIP: 10977

Phone Numbers: Home: (845) 406-3425    Work: (845) 357-2400

Cell: (845) 659-7844    Email Address: ERNSTTENEMILLE @ HOTMAIL.COM

Date of Birth: 11-15-1970    Sex: Male ☒ Female ☐    Do You Have a Disability? ☐ Yes ☒ No

Please answer each of the next three questions.    i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race? Please choose all that apply.    ☐ American Indian or Alaska Native    ☐ Asian    ☐ White

☒ Black or African American    ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? HAITI

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: PATRICIA    Relationship: SPOUSE

Address: 21 ORIOLE STREET    City: CHESTNUT RIDGE    State: NY    Zip Code: 10977

Home Phone: (845) 406-3425    Other Phone: (845) 262-8406

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer    ☒ Union    ☐ Employment Agency    ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: TOWN OF RAMAPO ; TOWN OF RAMAPO POLICE DEPT.

Address: 237 RTE. 59    County: ROCKLAND

City: SUFFERN    State: NY    Zip: 10901    Phone: (845) 357-2400

Type of Business: LAW ENFORCEMENT    Location if different from Org. Address: N/A

Human Resources Director or Owner Name: SUPERVISOR ST. LAWRENCE    Phone: (845) 357-5100

Number of Employees in the Organization at All Locations: Please Check (√) One

☐ Fewer Than 15    ☐ 15 - 100    ☒ 101 - 200    ☐ 201 - 500    ☐ More than 500

**3. Your Employment Data** (Complete as many items as you can)    Are you a Federal Employee? ☐ Yes ☒ No

Date Hired: 08-03-2002    Job Title At Hire: POLICE OFFICER

Pay Rate When Hired: 3040 /MONTH    Last or Current Pay Rate: $11200 /MONTH

Job Title at Time of Alleged Discrimination: POLICE OFFICER    Date Quit/Discharged: N/A

Name and Title of Immediate Supervisor: LIEUTENANT, LANCIA

If Job Applicant, Date You Applied for Job **N/A**  Job Title Applied For **N/A**

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

[X] Race  [ ] Sex  [ ] Age  [ ] Disability  [X] National Origin  [ ] Religion  [X] Retaliation  [ ] Pregnancy  [ ] Color (typically a difference in skin shade within the same race)  [ ] Genetic Information; choose which type(s) of genetic information is involved:

[ ] i. genetic testing  [ ] ii. family medical history  [ ] iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: **N/A**

If you checked genetic information, how did the employer obtain the genetic information? **N/A**

Other reason (basis) for discrimination (Explain): THE TOWN OF RAMAPO AND HER CHIEF OF POLICE ARE RETALIATING AGAINST ME BECAUSE OF A PREVIOUS COMPLAINT WHICH I FILED — #520-2009-00006.

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 - Discharged by Mr. John Soto, Production Supervisor)*

A) Date 03-12-2012  Action: I WAS DEEMED UNFIT FOR DUTY BY THE TOWN AND CHIEF OF POLICE. I WAS STRIPPED OF BOTH MY DUTY AND PERSONAL WEAPONS. I WAS PLACED ON ADMIN LEAVE FOR 20 DAYS. I WAS ORDERED TO UNDERGO A PSYCHOLOGICAL RE-EVALUATION BEFORE I WAS RE-INSTATED.

Name and Title of Person(s) Responsible: CHRISTOPHER St. LAWRENCE, POLICE COMMISSIONER. PETER BROWER, CHIEF OF POLICE

B) Date 02-27-2013  Action: AS A RESULT OF ACTIONS STEMMING FROM THE ABOVE INCIDENT (REF. A MEMO I SENT) I WAS PENALIZED. I WAS ALSO BAILLED FROM USING DEPT'S E-MAIL SYSTEM FOR OVER 1 YEAR. I WAS ORDERED TO PAY BACK $11,200, THE VALUE OF THE NUMBER OF DAYS

Name and Title of Person(s) Responsible: CHRISTOPHER St. LAWRENCE, POLICE COMMISSIONER. PETER BROWER, CHIEF OF POLICE.

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
- SEVERAL OFFICERS AT THE TOWN OF RAMAPO POLICE, WHO HAVE DOCUMENTED HISTORIES OF MENTAL ISSUES (SUICIDE ATTEMPTS/THREATS) AND/OR ACTUAL VIOLENT BEHAVIOR TOWARDS OTHER EMPLOYEES. HAVE NEVER BEEN MADE TO UNDERGO PSYCHOLOGICAL RE-EVALUATION. THE REASON OF COURSE IS THAT IT IS WELL KNOWN, THAT THE PSYCHOLOGICAL TEST IS THE TOUGHEST REQUIREMENT FOR BECOMING A POLICE OFFICER. AND UNDERGOING SUCH A TEST WOULD EXPOSE THESE OFFICERS TO A SUBSTANTIAL RISK OF LOSING THEIR JOBS. I, HOWEVER, WAS UNDULY AND UNLAWFULLY EXPOSED TO SUCH RISK.

**7.** What reason(s) were given for the acts you consider discriminatory? By whom? His or Her Job Title?
THE TOWN AND THE RAMAPO POLICE DEPARTMENT'S STATED REASON FOR THEIR ACTIONS WAS THAT THEY WISH TO HELP ME DEAL WITH MY LEVEL OF "STRESS". BUT NOT ONE OTHER OFFICER IN THE DEPARTMENT HAD EVER BEEN "HELPED" THE SAME WAY I WAS. THE RULES ALWAYS SEEM TO BE DIFFERENT EVERY TIME STEMMING FROM MY PREVIOUS COMPLAINT REGARDING RELIGIOUS ACCOMMODATION. TO NOW THIS ONE AND THE MANY MORE INCIDENTS BEFORE, IN BETWEEN AND MAYBE EVEN AFTER THAT PERIOD IF SOMETHING ISN'T DONE.

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| PO GIUSTO MODESTINO | WHITE, MALE, 35, ITALIAN-AMERICAN | POLICE OFFICER |

Description of Treatment
IS DOCUMENTED TO HAVE COMPLAINED OF STRESS NUMEROUS TIMES — HAS NEVER BEEN RE-EVALUATED

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| PO RAYMOND SMITH | WHITE, MALE, 46, IRISH-AMERICAN | POLICE OFFICER |

Description of Treatment
DOCUMENTED MENTAL ISSUES EVEN BEFORE HE WAS HIRED — HAS NEVER BEEN RE-EVALUATED

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| N/A | — | — |

Description of Treatment  N/A

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| N/A | — | — |

Description of Treatment  N/A

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| N/A | — | — |

Description of Treatment  N/A

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| N/A | — | — |

Description of Treatment  N/A

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:

☐ Yes, I have a disability

☐ I do not have a disability now but I did have one

☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?

Yes ☐  No ☐

If "Yes," what medication, medical equipment or other assistance do you use?

12. Did you ask your employer for any changes or assistance to do your job because of your disability?

Yes ☐  No ☐

If "YES", when did you ask? _____  How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)

Describe the changes or assistance that you asked for:

How did your employer respond to your request?

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)** ( YES, THE ENTIRE DEPARTMENT )

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| LT. ROBERT LANCIA | LIEUTENANT | 237 RTE. 59 SUFFERN, NY 10901 |

**What do you believe this person will tell us?**

HE WILL CONFIRM THE FACTS AS I REPORTED.

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| P.O. DENNIS PROCTER | PBA PRES / POLICE OFFICER | 237 RTE. 59 SUFFERN, NY 10901 |

**What do you believe this person will tell us?**

HE WILL CONFIRM THE FACTS AS I REPORTED.

**14. Have you filed a charge previously in this matter with EEOC or another agency?**   Yes ☒   No ☐

**15. If you have filed a complaint with another agency, provide name of agency and date of filing:**

N/A

**16. Have you sought help about this situation from a union, an attorney, or any other source?**   Yes ☒   No ☐
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

I DID ASK MY UNION (PBA) FOR HELP, BUT NOT MUCH WAS DONE. OUR PBA'S PRESIDENT IS IN LINE FOR A DETECTIVE POSITION, AND IS THEREFORE OVERLY CAUTIOU

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

Box 2  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

Signature

5-2-2013
Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are.
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

Print Form

Ernst Tenemille,

Plaintiff

v.

Town of Ramapo, Sgt. Corbett, Lt. Gravina and Police Commissioner Christopher Lawrence

Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

Signature: _[signature]_

Christina T. Hall, Esq.,
Law Office of Christina T. Hall & Associates
600 Mamaroneck Avenue
Suite 400
Harrison, New York 10528

TO:

Defendant's Address:
237 Route 59
Suffern, NY 10901

---

=======Notice of Entry=======
PLEASE take notice that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on
Dated:

Yours, etc.

Attorney for:
Christina T. Hall, Esq.,
Law Office of Christina T. Hall & Associates, PLLC
600 Mamaroneck Avenue, Suite 400
Harrison, New York 10528

To:
Attorney(s) for:

=========Notice of Settlement=========
PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, a

on
at

Dated:         Yours etc.

To:
Attorney(s) for:
Civil Court Index No.

UNITED STATES DISTRICT COURT OF THE STATE OF NEW YORK – SOUTHERN DISTRICT