UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ERNST TENEMILLE,

                                    Plaintiff,

                 -against-

TOWN OF RAMAPO, SGT. CORBETT,
LT. GRAVINA, and POLICE COMMISSIONER
CHRISTOPHER LAWRENCE,

                                    Defendants.

----------------------------------------------------------------x

Docket No. 14 Civ. 4460 (CS)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

SOKOLOFF STERN LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 140060

*Of counsel:*
Steven C. Stern
Melissa Holtzer

# Table of Contents

Table of Authorities ............................................................................................ ii

Preliminary Statement ........................................................................................ 1

Statement of Facts According to the Amended Complaint ................................. 3

Standard of Review ............................................................................................. 5

Legal Argument ................................................................................................... 6

    Point I
    Plaintiff Fails to State a Hostile Work Environment Claim ........................... 6

    Point II
    Plaintiff Fails to State a Retaliation Claim ................................................... 8

    Point III
    Plaintiff's Title VII Religious Discrimination Claim is Untimely ................. 10

    Point IV
    Plaintiff's 42 U.S.C. §§ 1981 and 1983 Claims are Time-Barred ................. 11

    Point V
    The Individual Defendants Should Be Dismissed ......................................... 13

    Point VI
    The New York City Human Rights Law is Entirely Inapplicable .................. 15

    Point VII
    Plaintiff's Failure to Serve a Notice of Claim Deprives the
    Court of Jurisdiction Over Plaintiff's State Law Claims ............................... 16

    Point VIII
    The Court Should Dismiss Plaintiff's Negligent Infliction of
    Emotional Distress Claim ............................................................................. 18

    Point IX
    Punitive Damages are not Available Against a Municipality ......................... 19

Conclusion ........................................................................................................ 20

# TABLE OF AUTHORITIES

Cases

Alfano v. Costello,
  294 F.3d 365 (2d Cir. 2002) ............................................................6

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).........................................................................5, 13

Back v. Hastings on Hudson Union Free Sch. Dist.,
  365 F.3d 107 (2d Cir. 2004) .........................................................14

Barbosa v. Continuum Health Partners, Inc.,
  716 F.Supp.2d 210 (S.D.N.Y. 2010)........................................10

Baum v. County of Rockland,
  337 F.Supp.2d 454(S.D.N.Y. 2004), .......................................9

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)........................................................................5

Brady v. Dammer,
  573 F.Supp.2d 712 (N.D.N.Y. 2008)........................................9

Brown v. Massena Memorial,
  2000 WL 381941 (N.D.N.Y. Apr. 11, 2000) ..........................16

City of New York v. State,
  46 A.D.3d 1168, 847 N.Y.S.2d 768 (3rd Dep't 2007) ............17

City of Newport v. Fact Concerts, Inc.,
  453 U.S. 247, 101 S.Ct. 2748 (1981).......................................18, 19

Conte v. Cnty. of Nassau,
  No. 06-CV-4746 (JFB) (ETB), 2010 WL 3924677 (E.D.N.Y. Sept. 30, 2010)...............13, 14

Cornwell v. Robinson,
  23 F.3d 694 (2d Cir. 1994) ..........................................................10

Cucchi v. N.Y.C. Off-Track Betting Corp.,
  818 F.Supp. 647 (S.D.N.Y. 1993) .............................................18

Davis v. Cnty. of Nassau,
    355 F. Supp. 2d 668 (E.D.N.Y. 2005) ........................................................14

Dawes v. City University of New York,
    193 Fed. App'x 59 (2d Cir. 2006) ...........................................................10

Dean v. Westchester Cnty. Dist. Attorney's Office,
    119 F. Supp. 2d 424 (S.D.N.Y. 2000) ......................................................19

DeCarolis v. Town of Vienna,
    322 Fed. App'x 25 (2d Cir. 2009) ...........................................................17

Durkin v. Verizon New York, Inc.,
    678 F.Supp.2d 124 (S.D.N.Y. 2009) ..........................................................8

Emmons v. City University of New York,
    715 F.Supp.2d 394 (E.D.N.Y. 2010) .........................................................14

Farid v. Elle,
    593 F.3d 233 (2d Cir. 2010) .................................................................13

Farina v. Branford Bd. of Educ.,
    458 Fed. App'x 13 (2d Cir. 2011) .............................................................9

Feingold v. New York,
    366 F.3d 138 (2d Cir. 2000) ..................................................................6

Fried v. LVI Services, Inc.,
    2011 WL 4633985 (S.D.N.Y. Oct. 14, 2011) ................................................15

Goodman v. Lukens Steel Co.,
    482 U.S. 656, 107 S.Ct. 2617 (1987) .......................................................11

Hafer v. Melo,
    502 U.S. 21, 112 S.Ct. 358 (1991) .........................................................13

Hardy v. New York City Health and Hosp. Corp.,
    164 F.3d 789 (2d Cir. 1999) .................................................................17

Harris v. Forklift Systems, Inc.,
    510 U.S. 17 (1993) ...........................................................................6

Hey v. Town of Napoli,
    265 A.D.2d 803, 695 N.Y.S.2d 643 (4th Dept. 1999) .................................................................17

Hicks v. Baines,
    593 F.3d 159 (2d Cir 2010) ...............................................................................................................8

Hoffman v. Parade Publ'ns,
    15 N.Y.3d 285, 907 N.Y.S.2d 145 (2010) ................................................................................15

Holt v. KMI Continental, Inc.,
    95 F.3d 123 (2d Cir. 1996) .................................................................................................................8

Holtz v. Rockefeller & Co., Inc.,
    258 F.3d 62 (2d Cir. 2001) .................................................................................................................6

Jackson v. DeMarco,
    No. 10-CV-5477(JS) (AKT), 2011 WL 1099487 (E.D.N.Y. Mar. 21, 2011) ..........................14

Jackson v. NYS Dept. of Labor,
    709 F.Supp.2d 218 (S.D.N.Y. 2010) ...............................................................................................8

Jones v. R.R. Donnelly & Sons, Co.,
    541 U.S. 369, 124 S.Ct. 1836 (2004) ............................................................................................11

Jones v. Western Suffolk BOCES,
    2008 WL 495498 (E.D.N.Y. Feb. 20, 2008) ...............................................................................11

Lawson v. Rochester City School Dist.,
    446 Fed. App'x 327 (2d Cir. 2011) ...............................................................................................11

Lewis v. North General Hosp.,
    502 F.Supp.2d 390 (S.D.N.Y. 2007) ..............................................................................................6

Libbey v. Vill. of Atl. Beach,
    982 F. Supp. 2d 185 (E.D.N.Y. 2013) ..........................................................................................16

Lucas v. South Nassau Communities Hosp.,
    54 F.Supp.2d 141 (E.D.N.Y. 1998) ................................................................................................6

Matter of United Nations Dev. Corp. v. Norkin Plumbing Co.,
    45 N.Y.2d 358, 408 N.Y.S.2d 424 (1978).....................................................................................17

Mortise v. U.S.,
  102 F.3d 693 (2d Cir. 1996) ..................................................................................18

Oliveri v. Thompson,
  803 F.2d 1265 (2d Cir. 1986) ................................................................................13

Parkash v. Town of Southeast,
  10 CV 8098 VB, 2011 WL 5142669 (S.D.N.Y. Sept. 30, 2011......................................19

Patterson v. County of Oneida, N.Y.,
  375 F.3d 206 (2d Cir. 2004) .............................................................................11, 13

Picciano v. Nassau Cnty. Civil Serv. Comm'n.,
  290 A.D.2d 164, 736 N.Y.S.2d 55 (2001)..................................................................16

ReSource N.E. of Long Island, Inc. v. Town of Babylon,
  80 F.Supp.2d 52 (E.D.N.Y. 2000) ..........................................................................19

Rivera v. Rochester Genesee Regional Transp. Authority,
  743 F.3d 11 (2d Cir. 2012) .....................................................................................6

Tadros v. Coleman,
  898 F.2d 10(2d Cir. 1990), ...................................................................................11

Uddin v. City of New York,
  427 F.Supp.2d 414 (S.D.N.Y. 2006) .........................................................................9

University of Texas Southwestern Medical Center v. Nassar,
  133 S.Ct. 2517 (2013)..........................................................................................13

Wahlstrom v. Metro-North Commuter R. Co.,
  89 F.Supp.2d 506 (S.D.N.Y 2000) ..........................................................................18

Wallace v. Conroy,
  945 F. Supp. 628 (S.D.N.Y. 1996) ..........................................................................13

Wynder v. McMahon,
  360 F.3d 73 (2d Cir. 2004) ...................................................................................11

Statutes

42 U.S.C. § 1981 ................................................................................................ passim
42 U.S.C. § 1983 ................................................................................................ passim
N.Y. Executive Law § 296 ...............................................................................14, 16
N.Y. Gen. Mun. Law § 50 ......................................................................................16
N.Y. Town Law § 67 ...............................................................................................16

Regulations

N.Y.C. Admin. Code § 2-201 ..................................................................................15
N.Y.C. Admin. Code § 8-101 ..................................................................................15

## PRELIMINARY STATEMENT

The Court gave plaintiff the opportunity to amend his complaint to remove patently frivolous causes of action and supplement claims that were too threadbare and conclusory to survive a motion to dismiss. Plaintiff amended his complaint, but failed to make any of the changes proposed by the Court. The amended complaint contains only loose references to hostile work environment and retaliation with no factual support, stale, time-barred allegations regarding a 2008 request for a religious accommodation, and legally frivolous claims such as a New York City Human Rights law ("NYCHRL") claim: plaintiff neither lives nor works in New York City and defendants are the Town of Ramapo (in Rockland County), its police department, a police commissioner, and a lieutenant.

Plaintiff fails to state a hostile work environment claim. The amended complaint only makes a passing reference to plaintiff having been "ridiculed" without identifying who ridiculed him, when he was ridiculed, or what was said. This vague reference to ridicule is insufficient to support a hostile work environment claim.

The Court should dismiss plaintiff's retaliation claims for the same reason. Plaintiff makes reference to having made "complaints," but does not indicate to whom he complained, when he complained, or what he complained about. Nor does he provide any specifics about any purported adverse actions. It is impossible to infer a plausible retaliation claim from that passing reference, let alone a timely one.

The Court should dismiss plaintiff's claims against the individual defendants. It is well-settled that Title VII does not provide for individual liability. Additionally, plaintiff did not allege that any of the individual defendants were personally involved in the alleged deprivation

of plaintiff's constitutional rights. Since plaintiff does not claim that the individual defendants actually did anything to him, he cannot maintain claims against them.

Plaintiff's Title VII religious discrimination claim is untimely. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission regarding the Town's alleged denial of his request for a religious accommodation on or about August 26, 2009. The EEOC issued plaintiff a Dismissal and Notice of Rights letter to plaintiff on November 30, 2010. Plaintiff was required to commence an action based on his religious discrimination claim within 90 days of November 30, 2010, but instead waited well more than three years to do so.

The amended complaint cites events that occurred in 2008. Plaintiff's § 1983 claim is subject to a three year statute of limitations; his § 1981 claim is subject to either a three or four year statute of limitations. Under either scenario, claims from 2008 are time-barred. He does not allege that he was subjected to discrimination or retaliation at any more recent times.

Plaintiff also asserts claims under the New York State Human Rights law ("NYSHRL") without having served a notice of claim on the Town. Plaintiff's failure to serve a notice of claim deprives this Court of subject matter jurisdiction over plaintiff's NYSHRL claims.

Even had plaintiff served a notice of claim, his negligent infliction of emotional distress claim is devoid of any factual allegations that would establish the elements of this claim.

Plaintiff's New York City Human Rights Law claim is completely inapplicable.

Finally, the Court should dismiss plaintiff's punitive damages claim against the Town. Punitive damages are not recoverable against municipalities. To the extent that plaintiff sues the individual defendants in their official capacities, the Court should dismiss plaintiff's punitive damages claims against them as well.

For all of these reasons, this action should be dismissed in its entirety.

Plaintiff is a black male of Haitian descent. (Am. Compl. at ¶ 7.) The Town hired him as a police officer in or about August 2002. (Am. Compl. at ¶ 13.) On or about June 23, 2008, plaintiff learned that the police department intended to modify the work schedule for Officer Glauber, one of plaintiff's co-workers, to accommodate Officer Glauber's religious beliefs and child care needs. (Am. Compl. at ¶ 14.) Officer Glauber is a white Jewish woman. (Id.) That day, plaintiff filed "a similar memo in observance of his Sabbath." (Am. Compl. at ¶ 15.) In this memorandum, plaintiff requested to be excused from patrol on Fridays and Saturdays for religious observance. (Am. Compl. Ex. 1.) Officer Glauber then filed a "memo" that was similar to plaintiff's. (Am. Compl. at ¶ 16.) The amended complaint does not indicate the contents or purpose of Officer Glauber's memo.

The Town approved Officer Glauber's request on or about June 27, 2008. (Am. Compl. at ¶ 17.) On September 27, 2008, plaintiff was "written up" because he used a personal day that Captain Cokeley claimed plaintiff did not have "on the books." (Am. Compl. at ¶ 19.) This occurred nine days after defendant Police Commissioner St. Lawrence upheld three of plaintiff's grievances. (Am. Compl. at ¶ 19.) The amended complaint does not indicate the nature of plaintiff's grievances.

On November 16, 2008, Chief Brower granted plaintiff's request to work a modified schedule. (Am. Compl. at ¶ 20; Ex. 3.) He was exempted from working Fridays and Saturdays, as he had requested. (Am. Compl. at Ex. 3.) On November 20, 2008, the Town adopted a new "Religious Accommodation Procedure" that made plaintiff's requested accommodations "illegal." (Am. Compl. at ¶ 21.) The policy requires officers to provide the Town with a list of religious holidays for which they require a scheduling accommodation. (Am. Compl. at Ex. 4.)

It requires officers to utilize their vacation time, holiday time, personal days, compensatory time, and accrued time to cover any days off needed for religious observance. (Am. Compl. at Ex. 4.) If an officer has exhausted his or her paid time off, he or she may take Authorized Leave Without Pay (ALWOP) for religious observance if another officer is not available to cover his or her shift. (Am. Compl. at Ex. 4.) If granting an officer's request would cause the police department to fall below minimum staffing levels, the officer must find another officer to cover his or her shift. (Am. Compl. at Ex. 4.)

Plaintiff claims defendants unlawfully denied his request for the day off to observe his Sabbath based on a discriminatory animus towards blacks and Haitians. (Am. Compl. at ¶¶ 26-27.) The complaint does not specify when this occurred.

Plaintiff claims he was an exemplary employee who did not disobey orders. (Am. Compl. at ¶ 22.) He claims he was "constantly ridiculed for his race and national origin" without any specifics on who ridiculed him, when he was ridiculed, or what was said. (Am. Compl. at ¶ 23.) He claims he was wrongfully disciplined and did not receive the same religious benefits as other employees, and that, at unspecified times under unspecified circumstances, he was forced to complete a psychiatric evaluation and lose $10,000. (Am. Compl. at ¶¶ 24, 25.) Plaintiff claims that after he made unspecified complaints, someone threatened him with termination of his employment. (Am. Compl. at ¶ 28.)

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A court need not accept as true legal conclusions and threadbare recitals of the elements of a cause of action fail to state a plausible claim. Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). Thus, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. To meet this standard, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." Id. at 570. Plaintiff's Amended Complaint fails to allege any plausible claims and should be dismissed in its entirety with prejudice.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF FAILS TO STATE A HOSTILE WORK ENVIRONMENT CLAIM

To set forth a racial harassment claim, plaintiff must allege that the harassment was so severe and pervasive that it altered the terms and conditions of his employment. See Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2000). Factors courts will consider include the "frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere humiliating utterance." See Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Title VII and similar anti-discrimination statutes are not "civility codes" for the workplace. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 75 (2d Cir. 2001). A federal court is not "a court of personnel appeals." Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002).

Allegations of "a handful of indeterminate encounters with a few explicit events" are not sufficiently severe and pervasive to create a hostile work environment. See Lucas v. South Nassau Communities Hosp., 54 F.Supp.2d 141, 148 (E.D.N.Y. 1998) (internal citations omitted). For a work environment to be considered "hostile," the behavior must be both objectively and subjectively abusive. See Lewis v. North General Hosp., 502 F.Supp.2d 390, 402 (S.D.N.Y. 2007). The conduct must be so offensive as to "subvert the plaintiff's ability to function in the workplace." Alfano v. Costello, 294 F.3d at 380.

Plaintiff alleges that he suffered a hostile work environment in violation of Title VII, 42 U.S.C. § 1981 and § 1983, the NYSHRL, and the NYCHRL.[1] There is only one allegation in the entire amended complaint that even relates to a hostile work environment claim: plaintiff alleges he was "constantly ridiculed for his race and national origin." (Am. Compl. at ¶ 23.) Plaintiff

---

[1] Plaintiff's hostile work environment claims under Title VII, the NYSHRL, and 42 U.S.C. § 1981 and § 1983 are governed by the same standard. Rivera v. Rochester Genesee Regional Transp. Authority, 743 F.3d 11, 20, fn. 4 (2d Cir. 2012).

does not identify who ridiculed him, what was said to him, or how often it was said. Instead, plaintiff's hostile work environment claims rest completely on a single conclusory allegation that does not even identify the alleged harasser. Plaintiff pleads no facts that nudge this claim into the realm of plausibility. <u>See</u> <u>Twombly</u>, 550 U.S. at 570. The Amended Complaint fails to set forth a plausible hostile work environment claim.

## POINT II

## PLAINTIFF FAILS TO STATE A RETALIATION CLAIM

To make out a retaliation claim, plaintiff must allege that (a) he participated in a protected activity; (b) he suffered an adverse employment action; and (c) there is a causal connection between the protected activity and the adverse employment action. Holt v. KMI Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996). The burden then shifts to defendants to articulate a legitimate, non-retaliatory reason for the adverse employment action. Hicks v. Baines, 593 F.3d 159, 164 (2d Cir 2010). Plaintiff must also show that retaliatory animus was the "but for" cause of the alleged adverse employment action. University of Texas Southwestern Medical Center v. Nassar, 133 S.Ct. 2517, 2525-26 (2013).Plaintiff asserts only barebones, conclusory allegations to support his retaliation claim. In the "causes of action," plaintiff asserts defendants retaliated against him because he complained about unspecified "racially discriminatory treatment" in violation of Title VII, 42 U.S.C. §1981 and §1983, the NYSHRL, and the NYCHRL. He alleges he was "threatened with dismissal and loss of his employment" after he complained, but he does not indicate to whom he complained, when he complained, the substance of his complaint, who threatened him with dismissal, or when he was threatened with dismissal. (Am. Compl. at ¶ 28.) He does not allege any facts which could plausibly suggest a causal connection between plaintiff's complaints and the alleged threat, which is necessary for his amended complaint to survive a motion to dismiss. See Jackson v. NYS Dept. of Labor, 709 F.Supp.2d 218, 227 (S.D.N.Y. 2010).

Even if he did allege a causal connection between his complaint and the alleged threat, this is not enough to state a retaliation claim. Unconsummated threats are not adverse employment actions. Lartey v. Shoprite Supermarkets, Inc., 2010 WL 6778937 at *7 (S.D.N.Y.

Dec. 9, 2010); <u>Durkin v. Verizon New York, Inc.</u>, 678 F.Supp.2d 124, 139 (S.D.N.Y. 2009); <u>Uddin v. City of New York</u>, 427 F.Supp.2d 414 (S.D.N.Y. 2006).

Plaintiff's allegation that he was directed to submit to a psychological examination does not state a claim, as psychological examinations are not adverse employment actions. <u>Baum v. County of Rockland</u>, 337 F.Supp.2d 454, 473-474 (S.D.N.Y. 2004), aff'd 161 Fed. App'x 62, 64 (2d Cir. 2005); <u>Farina v. Branford Bd. of Educ.</u>, 458 Fed. App'x 13, 17 (2d Cir. 2011); <u>Brady v. Dammer</u>, 573 F.Supp.2d 712, 724 (N.D.N.Y. 2008). While plaintiff makes some reference to losing $10,000, he provides no timeframe or identify any surrounding circumstances that would demonstrate it was the result of unlawful retaliation.

Since plaintiff cannot plausibly link any of the Town's alleged actions against him to unlawful "but-for" retaliation, the Court should dismiss his retaliation claims.

## POINT III

## PLAINTIFF'S TITLE VII RELIGIOUS DISCRIMINATION CLAIM IS UNTIMELY

A Title VII claimant must file his complaint within 90 days of after receipt of a right to sue letter from the EEOC. Dawes v. City University of New York, 193 Fed. App'x 59, 60 (2d Cir. 2006) (citing Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994)). This 90 day period is akin to a statute of limitations. Barbosa v. Continuum Health Partners, Inc., 716 F.Supp.2d 210, 216 (S.D.N.Y. 2010). The Court may not disregard it out of a "vague sympathy for particular litigants." Id. at 216. Indeed, where, as here, the plaintiff "failed to exercise due diligence in exercising [his] rights," the Court "cannot extend the limitations period by even one day." Id. at 216.

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") about the Town's alleged denial of his request for religious accommodations on August 26, 2009. (Ex. C.) The EEOC issued a Dismissal and Notice of Rights letter to plaintiff on November 30, 2010. (Ex. D.) This letter notified plaintiff that any federal action with respect to this claim must be filed within 90 days, on or about February 28, 2011. (Ex. D.) Plaintiff waited more than three years to assert that claim, filing this lawsuit on March 14, 2014. (Ex. D.)

Since plaintiff waited more than three years to file a claim he was required to file within three months, his religious discrimination claim is untimely and should be dismissed.

**POINT IV**

**PLAINTIFF'S 42 U.S.C. §§ 1981 AND 1983 CLAIMS ARE TIME-BARRED**

Plaintiff's 42 U.S.C. § 1983 claims are subject to a three year statute of limitations. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (citing Tadros v. Coleman, 898 F.2d 10, 12 (2d Cir. 1990), cert denied 498 U.S. 869, 111 S.Ct. 186 (1990); Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004)).

Plaintiff's 42 U.S.C. § 1981 claims may be subject to either a three or four year statute of limitations. Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 375, 124 S.Ct. 1836 (2004). Like many federal statutes, § 1981 does not contain a statute of limitations. Id. at 371. Federal courts applied the "most appropriate or analogous state statute of limitations" to § 1981 claims. Id. at 371 (citing Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617 (1987)). Congress enacted a four year "catch all" statute of limitations for claims arising under federal statutes enacted after December 1, 1990. Id., 541 U.S. at 371.

In 1991, Congress expanded the definition of the terms "make and enforce contracts" in § 1981 to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. at 373. The Supreme Court ruled that any causes of action arising under the 1991 amendments to § 1981 are subject to the four year federal "catch all" statute of limitations. Id. at 384.

In Patterson, decided three months after Jones, the Second Circuit applied the three year statute of limitations to the plaintiff's discrimination and hostile work environment claims. Patterson, 375 F.2d at 225; see also Jones v. Western Suffolk BOCES, 2008 WL 495498, at *9 (E.D.N.Y. Feb. 20, 2008) (failure to promote claim falls under original understanding of § 1981, and thus three year statute of limitations applies); but see Lawson v. Rochester City School Dist.,

446 Fed. App'x 327, 328 (2d Cir. 2011) (applying four year statute of limitations to discrimination and hostile work environment claims).

Plaintiff's claims are time-barred regardless of which statute of limitations period applies. The complaint describes a series of incidents that occurred in 2008. (Am. Compl. at ¶¶ 14-21.) He does not allege any violation of his constitutional rights since then. Accordingly, plaintiff's § 1981 and § 1983 claims should be dismissed.

## POINT V
## THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

Title VII does not provide for individual liability. See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004). Title VII only provides individuals with a means to redress discrimination and retaliation by employers. Since Title VII does not provide for individual liability, the Court should dismiss plaintiff's Title VII claims against the individual defendants, Sgt. Corbett, Lt. Gravina, and Christopher St. Lawrence (sued as Christopher Lawrence).

Where the plaintiff does not name the individual defendants in their individual capacities, and the individuals are not alleged to have taken any particular action that violated plaintiff's rights, they are deemed sued in their official capacities. See Wallace v. Conroy, 945 F. Supp. 628, 637 (S.D.N.Y. 1996) (citing Oliveri v. Thompson, 803 F.2d 1265, 1278 (2d Cir. 1986)). A suit against a public official in his official capacity is deemed to be a suit against the municipality itself – in this case, the Town of Ramapo. See Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (citing Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991) (claim against a municipal employee in his official capacity is deemed brought against the municipality itself)). As Lt. Gravina, Sgt. Corbett, and Police Commissioner St. Lawrence are sued in their official capacities, the § 1983 claims against them are simply claims against the Town and should be dismissed as redundant.

Even if the individual defendants were named in their individual capacities, plaintiff still fails to state a claim against them. Plaintiffs asserting claims under 42 U.S.C. § 1981 or § 1983 must allege the personal involvement of each defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009); Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010); Conte v. Cnty. of Nassau, No. 06-CV-4746 (JFB) (ETB), 2010 WL 3924677, at *11 (E.D.N.Y. Sept. 30, 2010).

"[M]ere bald assertions and conclusions of law do not suffice." <u>Conte</u>, 2010 WL 3924677, at *11 (<u>quoting</u> <u>Davis v. Cnty. of Nassau</u>, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005)). "A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law." <u>Jackson v. DeMarco</u>, No. 10-CV-5477(JS) (AKT), 2011 WL 1099487, at *3 (E.D.N.Y. Mar. 21, 2011). In other words, plaintiff must prove that "defendant actually *caused* the plaintiff to be deprived of a federal right." <u>Back v. Hastings on Hudson Union Free Sch. Dist.</u>, 365 F.3d 107, 122 (2d Cir. 2004) (emphasis added).

To be found liable under N.Y. Executive Law § 296, an individual must have "actually participated" in the alleged discrimination and "engaged in direct, purposeful participation." <u>Emmons v. City University of New York</u>, 715 F.Supp.2d 394, 420 (E.D.N.Y. 2010) (internal citations omitted).

Plaintiff does not allege any particular conduct by any of the individual defendants that constitutes a violation of his constitutional rights, or discrimination in violation of the NYSHRL. Plaintiff alleges that Police Commissioner St. Lawrence granted Officer Glauber's request for a scheduling accommodation, but also publicly upheld plaintiff's grievances. (Am. Compl. at ¶¶ 17, 19.) Plaintiff does not allege that Lt. Gravina or Sgt. Corbett did anything to plaintiff except supervise him. (Am. Compl. at ¶ 8.) These paltry allegations do not provide a basis for liability against any of the individual defendants on any of plaintiff's claims.

# POINT VI

## THE NEW YORK CITY HUMAN RIGHTS LAW IS ENTIRELY INAPPLICABLE

The New York City Human Rights Law ("NYCHRL") prohibits discrimination in employment, public accommodations, and housing. See N.Y.C. Admin. Code §8-101, *et seq.* New York City's Administrative Code limits the scope of its authority to the boroughs of Manhattan, the Bronx, Brooklyn, Queens, and Staten Island. See N.Y.C. Admin. Code §2-201.

The NYCHRL simply does not apply in cases where the plaintiff does not live or work in New York City. Fried v. LVI Services, Inc., 2011 WL 4633985, at *13 (S.D.N.Y. Oct. 14, 2011) (citing Hoffman v. Parade Publ'ns, 15 N.Y.3d 285, 291, 907 N.Y.S.2d 145 (2010)). Rather, the NYCHRL only applies to acts that occurred within New York City. Id. at 12 (citing N.Y.C. Administrative Code § 2-201). This is because the NYCHRL's scope is limited to situations in which the impact of the discriminatory decision is felt within New York City. Hoffman, 15 N.Y.3d at 290. A non-resident who does not work in the City cannot prove that the effects of discrimination are felt in New York City, as would be required for the NYCHRL to apply. Id. at 290-291.

The Amended Complaint states that the "events in question occurred" in Rockland County and that plaintiff resides in Rockland County. (Am. Compl. at ¶¶ 2, 7.) There is no basis to apply the NYCHRL.

# Point VII

## Plaintiff's Failure to Serve a Notice of Claim Deprives the Court of Jurisdiction Over Plaintiff's State Law Claims

N.Y. Town Law § 67 requires that any claim against a Town for "wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law." N.Y. Gen. Mun. Law § 50-e(1)(a) states:

> [I]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding again a public corporation … the notice of claim shall comply with and be served in accordance with the provision of this section within ninety days after the claim arises.

Gen. Mun. Law § 50-e(2) provides that the notice of claim shall set forth, *inter alia*, "the nature of the claim," and the "time when, the place where and the manner in which the claim arose." In addition, Gen. Mun. Law § 50-e(2) provides that a claimant shall set forth "the items of damage or injuries claimed to have been sustained so far as then practicable."

The notice of claim requirement applies to plaintiff's claims under the New York State Human Rights Law ("NYSHRL"). Town Law § 67 applies to "any claim" made against a Town for damages. <u>Mittelman v. County of Rockland</u>, 2013 WL 1248623 at *22 (S.D.N.Y. Mar. 26, 2013). Indeed, the language of Town Law § 67 is "broad enough to include an employment discrimination claim based on Executive Law § 296." <u>Picciano v. Nassau Cnty. Civil Serv. Comm'n.</u>, 290 A.D.2d 164, 170, 736 N.Y.S.2d 55, 61 (2001); <u>Brown v. Massena Memorial</u>, 2000 WL 381941, at *6 (N.D.N.Y. Apr. 11, 2000). Of course, the notice of claim requirement also applies to plaintiff's common claim for negligent infliction of emotional distress. <u>See, e.g.</u> <u>Libbey v. Vill. of Atl. Beach</u>, 982 F. Supp. 2d 185, 217 (E.D.N.Y. 2013).

"Compliance with the notice of claim requirement falls within the threshold jurisdiction of the court." Hey v. Town of Napoli, 265 A.D.2d 803, 695 N.Y.S.2d 643 (4th Dept. 1999) (citing Matter of United Nations Dev. Corp. v. Norkin Plumbing Co., 45 N.Y.2d 358, 363, 408 N.Y.S.2d 424 (1978)); see also Hardy v. New York City Health and Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (failure to comply with state law notice of claim requirements requires dismissal of state law claims); DeCarolis v. Town of Vienna, 322 Fed. App'x 25, 26 (2d Cir. 2009) (same). Failure to comply with the notice of claim requirement actually deprives the court of subject matter jurisdiction and operates as a complete bar to the action. City of New York v. State, 46 A.D.3d 1168, 847 N.Y.S.2d 768 (3rd Dep't 2007).

Plaintiff did not serve a notice of claim on the Town, and does not allege to have done so. Since plaintiff completely failed to comply with this condition precedent to suit, his NYSHRL and common law negligent infliction of emotional distress claim should be dismissed.

## THE COURT SHOULD DISMISS PLAINTIFF'S
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

To assert a valid claim for negligent infliction of emotional distress, plaintiff must allege an emotional injury caused by defendants' breach of a duty that unreasonably endangered his physical safety, or caused him to fear for his physical safety. Wahlstrom v. Metro-North Commuter R. Co., 89 F.Supp.2d 506, 531 (S.D.N.Y 2000) (internal citations omitted). Plaintiff must allege that the defendants owe a duty that is specific to him, rather than "some amorphous, free-flowing duty to society." Wahlstrom, 89 F.Supp.2d at 531 (quoting Mortise v. U.S., 102 F.3d 693, 693 (2d Cir. 1996)). A cause of action for negligent infliction of emotional distress may only lie where a defendant owes a "special duty" to the plaintiff or "where there is proof of a traumatic event that caused the plaintiff to fear for [his] own safety." Cucchi v. N.Y.C. Off-Track Betting Corp., 818 F.Supp. 647, 656 (S.D.N.Y. 1993). An employer does not owe a "special duty" to an individual employee, because it has the obligation to treat all employees in the same manner. Cucchi, 818 F.Supp. at 656; Kojak v. Jenkins, 1999 WL 244098 at *9 (S.D.N.Y. Apr. 26, 1999).

Furthermore, a party may not maintain a negligent infliction of emotional distress claim where the acts alleged were intentional and deliberate. Wahlstrom, 89 F.Supp.2d at 531-32. Plaintiff may not "transmogrify intentional torts into negligence." Wahlstrom, 89 F.Supp.2d at 532 (internal citations omitted).

Plaintiff does not meet the elements of this tort. He does not allege that defendants owed him any kind of specific duty, nor has he alleged any "traumatic event" that unreasonably endangered his physical safety or put him in fear for his safety. Cucchi, 818 F.Supp. at 656.

Plaintiff also alleges that the defendants engaged in intentional, not negligent conduct. Even had plaintiff served a notice of claim, he cannot sustain a negligent infliction claim.

## POINT IX

### PUNITIVE DAMAGES ARE NOT AVAILABLE AGAINST A MUNICIPALITY

It is well settled that punitive damages are not available against a municipality. See Parkash v. Town of Southeast, 10 CV 8098 VB, 2011 WL 5142669 (S.D.N.Y. Sept. 30, 2011) aff'd, 468 F. App'x 80 (2d Cir. 2012); Dean v. Westchester Cnty. Dist. Attorney's Office, 119 F. Supp. 2d 424, 428 (S.D.N.Y. 2000); see also City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748 (1981) (rejecting punitive damages against municipalities in § 1983 cases). Since suits against municipal officers in their official capacity are akin to suits against the municipality itself, punitive damages also are not recoverable against municipal employees sued in their official capacity. ReSource N.E. of Long Island, Inc. v. Town of Babylon, 80 F.Supp.2d 52, 63 (E.D.N.Y. 2000). Courts have rejected the possibility of punitive damage awards against municipalities because they are "in effect a windfall to a fully compensated plaintiff" that will be financed through "an increase in taxes or a reduction of public services for the citizens footing the bill." City of Newport, 453 U.S. at 267.

Since plaintiff may not recover punitive damages against the Town, or against the individual defendants to the extent that they are sued in their official capacity, the Court should dismiss plaintiff's punitive damages claim.

**CONCLUSION**

For all of the foregoing reasons, defendants respectfully submit that this Court should dismiss this action in its entirety, together with such other relief as to this Court deems just, proper and equitable.

Dated: Carle Place, New York
      December 9, 2014

                                   SOKOLOFF STERN LLP
                                   *Attorneys for Defendants*

By:    Steven C. Stern
        Melissa L. Holtzer
        179 Westbury Avenue
        Carle Place, New York 11590
        (516) 334-4500
        File No. 140060

20