UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ERNST TENEMILLE,                                                     Docket No. 14 Civ. 4660 (CS)

                              Plaintiff,

   -against-

TOWN OF RAMAPO, SGT. CORBETT,
LT. GRAVINA, and POLICE COMMISSIONER
CHRISTOPHER LAWRENCE,

                             Defendants.
-----------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS


SOKOLOFF STERN LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 140060

*Of counsel:*
Steven C. Stern
Melissa Holtzer

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    POINT I

    THE COURT SHOULD DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS

    POINT II ............................................................................................................................ 2

    PLAINTIFF'S RETALIATION CLAIM IS TIME-BARRED

    POINT III ........................................................................................................................... 3

    THE CONTINUING VIOLATION THEORY DOES NOT APPLY

    POINT IV ........................................................................................................................... 5

    THE 2008 RELIGIOUS ACCOMMODATION POLICY IS NOT DISCRIMINATORY

    POINT V ............................................................................................................................ 6

    THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

    POINT VI ........................................................................................................................... 7

    PLAINTIFF'S FAILURE TO SERVE A NOTICE OF CLAIM IS FATAL TO HIS NYSHRL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS

    POINT VII .......................................................................................................................... 8

    THE COURT SHOULD DISMISS PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

CONCLUSION ....................................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**

Adams v. New York State Educ. Dept.,
 752 F.Supp.2d 420 (S.D.N.Y. 2010) .................................................................................. 1

Alfano v. Costello,
 294 F.3d 365 (2d Cir. 2002) ............................................................................................... 2

Ashcroft v. Iqbal,
 556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................................ 1, 6

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544, 127 S.Ct. 1955 (2007) ................................................................................. 1

Brown v. Massena Memorial,
 2000 WL 381941 (N.D.N.Y. Apr. 11, 2000) ..................................................................... 7

Callahan v. Consolidated Edison Co. New York, Inc.,
 187 F.Supp.2d 132 (S.D.N.Y. 2002) .................................................................................. 2

Carrasco v. New York City Off-Track Betting Corp.,
 858 F.Supp. 28 (S.D.N.Y. 1994) ........................................................................................ 4

Chin v. Port Auth. of New York & New Jersey,
 685 F.3d 135 (2d Cir. 2012) ............................................................................................... 4

Conte v. Cnty. of Nassau,
 No. 06-CV-4746 (JFB) (ETB), 2010 WL 3924677 (E.D.N.Y. Sept. 30, 2010) ................. 6

Cosme v. Henderson,
 287 F.3d 152 (2d Cir. 2002) ............................................................................................... 5

Dawes v. City University of New York,
 193 Fed. App'x 59 (2d Cir. 2006) ...................................................................................... 3

Delaware State College v. Ricks,
 449 U.S. 250, 101 S.Ct. 498 (1980) ................................................................................... 4

Durant v. Nynex,
 101 F. Supp. 2d 227 (S.D.N.Y. 2000) ................................................................................ 5

Elmenayer v. ABF Freight System, Inc.,
 318 F.3d 130 (2d Cir. 2003) ...................................................................................... 3, 4, 8

Emmons v. City University of New York,
   715 F.Supp.2d 394 (E.D.N.Y. 2010) ............................................................................... 6

Farid v. Elle,
   593 F.3d 233 (2d Cir. 2010) ............................................................................................ 6

Gilani v. Nat'l Ass'n of Sec. Dealers, Inc.,
   1997 WL 473383 (S.D.N.Y. Aug. 19, 1997) .................................................................. 9

Guy v. MTA New York City Transit,
   No. 10 CV 1998 (KAM) (LB), 2012 WL 4472112 (E.D.N.Y. Aug. 6, 2012) ............... 5

Harris v. City of New York,
   186 F.3d 243 (2d Cir. 1999) ............................................................................................ 4

Howell v. New York Post Co.,
   81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ...................................................................... 9

Jeffrey v. Montefiore Med. Ctr.,
   No. 11 CIV. 6400 RA, 2013 WL 5434635 (S.D.N.Y. Sept. 27, 2013) .......................... 6

Jones v. R.R. Donnelly & Sons, Co.,
   541 U.S. 369, 124 S.Ct. 1836 (2004) .............................................................................. 3

Knight v. Conn. Dep't of Pub. Health,
   275 F.3d 156 (2d Cir. 2001) ............................................................................................ 6

Lauer v. City of New York,
   240 A.D.2d 543, 659 N.Y.S.2d 57 (1997) ...................................................................... 9

Libbey v. Vill. of Atl. Beach,
   982 F. Supp. 2d 185 (E.D.N.Y. 2013). ........................................................................... 7

Margrabe v. Sexter & Warmflash, P.C.,
   2009 WL 361830 (S.D.N.Y. Feb. 11, 2009) ................................................................... 8

McGovern v. Mount Pleasant Central School Dist.,
   118 A.D.3d 795 (2d Dep't 2014) .................................................................................... 7

Mittelman v. County of Rockland,
   2013 WL 1248623 (S.D.N.Y. Mar. 26, 2013) ................................................................ 7

Olszewski v. Bloomberg,
   1997 WL 375690 (S.D.N.Y. July 7, 1997) ..................................................................... 9

O'Reilly v. Executone of Albany, Inc.
, 121 A.D.2d 772, 503 N.Y.S.2d 185 (3rd Dep't 1986) .......................................................... 10

Palmieri v. Village of Babylon,
26 A.D.3d 423 (E.D.N.Y. 2006) ............................................................................................ 7

Patterson v. County of Oneida, N.Y.,
375 F.3d 206 (2d Cir. 2004)............................................................................................... 2, 3

Perks v. Town of Huntington,
96 F.Supp.2d 222 (E.D.N.Y. 2000) ....................................................................................... 9

Picciano v. Nassau Cnty. Civil Serv. Comm'n,
290 A.D.2d 164, 736 N.Y.S.2d 55 (2001) ............................................................................. 7

Ponticelli v. Zurich American Ins. Group,
16 F.Supp.2d 414 (S.D.N.Y. 1998)........................................................................................ 9

Putkowski v. Warwick Valley Cent. School Dist.,
363 F.Supp.2d 649 (S.D.N.Y. 2005)...................................................................................... 7

Reed v. Lockheed Aircraft Corp.,
613 F.2d 757 (9th Cir. 1980) ................................................................................................. 3

Sheil v. Melucci,
94 A.D.3d 766 (2d Dep't 2012) ............................................................................................. 7

Smith v. Westchester Cnty. Dep't of Corr.,
No. 12CV3941-SHS-FM, 2014 WL 4384104 (S.D.N.Y. Sept. 3, 2014) ................................ 2

Ticali v. Roman Catholic Diocese of Brooklyn,
41 F.Supp.2d 249 (E.D.N.Y. 1999) ....................................................................................... 9

Wahlstrom v. Metro-North Commuter R. Co.,
89 F.Supp.2d 506 (S.D.N.Y 2000) ........................................................................................ 8

**STATUTES**

Executive Law § 296 ..................................................................................................................... 7

N.Y. County Law § 52................................................................................................................... 7

N.Y. Executive Law § 296............................................................................................................. 6

Town Law § 67 .............................................................................................................................. 7

U.S.C. § 1981 ............................................................................................................. 3, 6

U.S.C. § 1983 .......................................................................................................... 3, 6, 7

## PRELIMINARY STATEMENT

Plaintiff's opposition does nothing to elucidate or explain his hostile work environment or retaliation claims, or to justify the assertion of long-since time-barred discrimination and retaliation claims. Plaintiff cites the outdated "no set of facts" standard that the United States Supreme Court expressly rejected in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-563, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and asks this Court to apply this inapplicable standard to allow his cursory allegations to proceed.

The complaint fails to state any facts that plausibly suggest that the individual defendants violated his constitutional or statutory rights. He provides no basis to maintain claims against them. Instead, he makes the bizarre pronouncement that he may sue any police officials for as long as the police department exists.

Plaintiff's state law claims do not fall within any exception to the Notice of Claim requirement. He does not seek to enjoin a "continuing wrong" or vindicate a public interest; his complaint speaks to his own interests, and he seeks money damages. Plaintiff's failure to serve a Notice of Claim on the Town is fatal to his State Human Rights and negligent infliction of emotional distress claim, which nevertheless does not come close to meeting the elements of that tort. Finally, plaintiff did not oppose defendants' motion to dismiss plaintiff's frivolous New York City Human Rights Law claims, which should be deemed abandoned. Adams v. New York State Educ. Dept., 752 F.Supp.2d 420, 461 (S.D.N.Y. 2010).

## ARGUMENT

### POINT I

### THE COURT SHOULD DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS

Plaintiff did nothing to address the deficiencies in plaintiff's hostile work environment claims. He simply reiterated conclusory statements without providing any specific facts from which the Court could glean a plausible claim that he was subjected to a severe and pervasive racially or religiously hostile work environment. His memorandum of law avers that he was "constantly ridiculed," but does not identify who ridiculed him, what was said, how often it was said, or when it was said. Such paltry conclusions do not set forth a viable hostile work environment claim. See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) (setting forth "severe and pervasive" standard); see also Smith v. Westchester Cnty. Dep't of Corr., No. 12CV3941-SHS-FM, 2014 WL 4384104, at *9 (S.D.N.Y. Sept. 3, 2014); Callahan v. Consolidated Edison Co. New York, Inc., 187 F.Supp.2d 132, 135 (S.D.N.Y. 2002) (conclusory statements of severe and pervasive harassment not sufficient to state hostile work environment claim).

### POINT II

### PLAINTIFF'S RETALIATION CLAIM IS TIME-BARRED

Plaintiff rests his retaliation claim solely on events that occurred in 2008: his request for religious accommodation and the drafting of the department's religious accommodation policy on November 20, 2008. (Am. Compl. at ¶¶ 21; Ex. D.) Plaintiff did not file this lawsuit until March 14, 2014 – five and a half years after the Town adopted the allegedly retaliatory policy. These claims are time-barred. See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (three year statute of limitations for § 1983 claims); Jones v. R.R. Donnelly & Sons,

Co., 541 U.S. 369, 375, 124 S.Ct. 1836 (2004) (three or four year statute of limitations for § 1981 claims); Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 133-134 (2d Cir. 2003) (EEOC charge for Title VII claim must be filed within 300 days of the alleged unlawful employment practice). And, for the Title VII claim, plaintiff did not commence this action within 90 days of receipt of the EEOC's November 30, 2010 Dismissal and Notice of Rights letter, as required. See Dawes v. City University of New York, 193 Fed. App'x 59, 60 (2d Cir. 2006).

## POINT III

### THE CONTINUING VIOLATION THEORY DOES NOT APPLY

Plaintiff seems to contend that the continued existence of the religious accommodations policy entitles him to toll the statute of limitations indefinitely through the continuing violation doctrine. It doesn't.

Plaintiff's continuing violation theory is premised on his contention that "an action is always timely if brought by a present employee." (Pl. Mem. at p. 7.) His theory is based on an erroneous reading and expansive application of a Ninth Circuit case, Reed v. Lockheed Aircraft Corp., 613 F.2d 757, 761 (9th Cir. 1980). In Reed, the plaintiff alleged a practice of systemic discrimination, including routinely excluding women from training sessions and failing to promote women. Id. at 758-759. The court in that case held that the plaintiff could claim a continuing violation where defendant engaged in gender discrimination by failing to promote women "within 300 days of Reed's filing her charge." Id. at 760.

The case at bar is starkly different. It involves the institution of a policy several years ago that plaintiff claims was discriminatory and retaliatory when he requested a religious accommodation in 2008. In Elmenayer, the Second Circuit noted the denial of a request for a religious accommodation does not give rise to a continuing violation, as it is a "single completed

3

action when taken." Id., 318 F.3d at 135 ("Although the effect of the employer's rejection continues to be felt by the employee for as long as he remains employed, that continued effect is similar to the continued effect of being denied a promotion or denied a transfer"). For statute of limitations purposes, the focus is on the defendants' actions, not the impact on plaintiff. The Town's adoption of the allegedly retaliatory or religiously discriminatory policy was a discrete act. Id. at 134-135. "Discrete acts . . . which fall outside the limitations period, cannot be brought within it, even when undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period." Chin v. Port Auth. of New York & New Jersey, 685 F.3d 135, 157 (2d Cir. 2012).

Like Elmenayer, plaintiff alleges that he requested a religious accommodation in 2008 which led to the Town's implementation of a policy that effectively denied his request. He does not allege that defendants took any further action with respect to his request for an accommodation but only that he continues to suffer because the policy is still in effect.

And even if the Town's adoption of its religious accommodation policy was not a discrete act, plaintiff must allege that defendants engaged in "at least one discriminatory act" pursuant to the policy within the statutory period. See Carrasco v. New York City Off-Track Betting Corp., 858 F.Supp. 28, 32 (S.D.N.Y. 1994). "The mere continuation of plaintiff's employment" into the statute of limitations period is not enough to render his claims timely. Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (citing Delaware State College v. Ricks, 449 U.S. 250, 257, 101 S.Ct. 498 (1980)). Plaintiff does not allege any conduct within the statutory period.

4

**POINT IV**

**THE 2008 RELIGIOUS ACCOMMODATION POLICY IS NOT DISCRIMINATORY**

The Town's policy, which is annexed to the amended complaint as Exhibit 4, is not discriminatory. It simply provides: (a) a procedure for all officers of all religions to request religious scheduling accommodations, provides that they must, to the maximum extent possible, use their vacation days, holiday time, personal days, compensatory time, and accrued time; (b) officers with certain responsibilities with respect to finding coverage in the event the request results in an understaffed police department; and (c) a practice for officers to request "Authorized Leave Without Pay." (Am. Compl. Ex. 4.) Plaintiff provides no case law, or other basis, to challenge the policy (assuming plaintiff had timely brought this claim within 90 days of receiving the right-to-sue letter).

The Town's policy comports with the Title VII, and provides a reasonable accommodation for religious observance. See Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir. 2002). "The employer need not offer the accommodation the employee prefers. Instead, when any reasonable accommodation is provided, the statutory inquiry ends." Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir. 2002). "Generally, it is a reasonable accommodation of an employee's observance of the Sabbath for an employer to require the employee to use his or her vacation days or to take unpaid leave." Guy v. MTA New York City Transit, No. 10 CV 1998 KAM LB, 2012 WL 4472112, at *8 (E.D.N.Y. Aug. 6, 2012) report and recommendation adopted, No. 10-CV-01998 KAM LB, 2012 WL 4472098 (E.D.N.Y. Sept. 26, 2012); see also Durant v. Nynex, 101 F. Supp. 2d 227, 233 (S.D.N.Y. 2000) (allowing plaintiff to swap shifts and use vacation days to accommodate religious observance was reasonable accommodation).

A plaintiff asserting a failure to accommodate must also establish a prima facie case of discrimination by showing (a) he held a bona fide religious belief conflicting with an

5

employment requirement; (2) he informed their employers of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement." Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001); see also Jeffrey v. Montefiore Med. Ctr., No. 11 CIV. 6400 RA, 2013 WL 5434635, at *16 (S.D.N.Y. Sept. 27, 2013) (no religious discrimination claim where employee was never disciplined for failing to work on Sabbath). The Town's Religious Accommodation policy was reasonable, and plaintiff was never disciplined for failing to abide by it.

POINT V

THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

Plaintiff glossed over defendants' argument that he failed to state a claim against Lt. Gravina, Sgt. Corbett, and Police Commissioner St. Lawrence, without so much as mentioning them by name. Plaintiffs asserting claims under 42 U.S.C. § 1981 or § 1983 must allege the personal involvement of each defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009); Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010); Conte v. Cnty. of Nassau, No. 06-CV-4746 (JFB) (ETB), 2010 WL 3924677, at *11 (E.D.N.Y. Sept. 30, 2010). To be found liable under N.Y. Executive Law § 296, an individual must have "actually participated" in the alleged discrimination and "engaged in direct, purposeful participation." Emmons v. City University of New York, 715 F.Supp.2d 394, 420 (E.D.N.Y. 2010) (internal citations omitted).

Plaintiff's response says nothing about what he claims the individual defendants did to violate his constitutional rights. He only claims may "bring an action against the defendants as long as the police remains." (Pl. Mem. at p. 8.) This is patently insufficient and legally unsustainable.

At a minimum, the individual defendants are entitled to qualified immunity for the § 1983 claims, a point plaintiff failed to even address.

## POINT VI

### PLAINTIFF'S FAILURE TO SERVE A NOTICE OF CLAIM IS FATAL TO HIS NYSHRL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS

Contrary to plaintiff's arguments, N.Y. County Law § 52 does not apply to plaintiff's claims against the Town; rather Town Law § 67 applies to "any claim" made against a Town for damages. Mittelman v. County of Rockland, 2013 WL 1248623, at *22 (S.D.N.Y. Mar. 26, 2013). Indeed, the language of Town Law § 67 is "broad enough to include an employment discrimination claim based on Executive Law § 296." Picciano v. Nassau Cnty. Civil Serv. Comm'n, 290 A.D.2d 164, 170, 736 N.Y.S.2d 55, 61 (2001); Brown v. Massena Memorial, 2000 WL 381941, at *6 (N.D.N.Y. Apr. 11, 2000). The notice of claim requirement also applies to plaintiff's common claim for negligent infliction of emotional distress. See, e.g. Libbey v. Vill. of Atl. Beach, 982 F. Supp. 2d 185, 217 (E.D.N.Y. 2013).

Plaintiff did not bring this action to vindicate a public interest. Where, as here, a plaintiff seeks "back pay" and/or punitive damages in addition to equitable relief, he is not vindicating a public interest. McGovern v. Mount Pleasant Central School Dist., 118 A.D.3d 795, 795-796 (2d Dep't 2014); Sheil v. Melucci, 94 A.D.3d 766, 768 (2d Dep't 2012); Palmieri v. Village of Babylon, 26 A.D.3d 423, 423 (E.D.N.Y. 2006); Putkowski v. Warwick Valley Cent. School Dist., 363 F.Supp.2d 649, 654 (S.D.N.Y. 2005) (plaintiff alleging failure to accommodate not vindicating a public interest). Plaintiff's allegations relate only to the defendants' actions against him, and he only seeks monetary relief for himself. Since plaintiff only brings this action to serve his own, and not public, interests, he was required to serve a notice of claim.

Nor does plaintiff seek to "enjoin a continuing wrong" by the Town. As noted above, the Second Circuit has ruled that the denial of a request for a religious accommodation is a discrete act, not a continuing violation. <u>Elmenayer</u>, 318 F.3d at 135. The "continuing wrong" doctrine may only be invoked where the plaintiff alleges continuing wrongful acts, not continuing effects of a prior act. <u>Margrabe v. Sexter & Warmflash, P.C.</u>, 2009 WL 361830 (S.D.N.Y. Feb. 11, 2009), <u>aff'd</u> 353 Fed. App'x 547 (2d Cir. 2009) (internal citations omitted).

Since plaintiff is not attempting to vindicate a public interest, and does not allege a continuing wrong, his failure to serve a notice of claim is fatal to his state law claims.

## POINT VII

### THE COURT SHOULD DISMISS PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

Plaintiff asserts a claim of negligent infliction of emotional distress, but argues that he has successfully stated an intentional infliction of emotional distress claim. He fails to state a claim under either theory.

To assert a valid claim for negligent infliction of emotional distress, plaintiff must allege an emotional injury caused by defendants' breach of a duty that unreasonably endangered his physical safety, or caused him to fear for his physical safety. <u>Wahlstrom v. Metro-North Commuter R. Co.</u>, 89 F.Supp.2d 506, 531 (S.D.N.Y 2000) (internal citations omitted). Plaintiff does not allege that his physical safety was endangered, or that he feared for his physical safety. He therefore failed to state a claim for negligent infliction of emotional distress.

Plaintiff also does not state a claim for intentional infliction of emotional distress. To state a claim, plaintiff must allege that the defendants (1) engaged in extreme and outrageous conduct; (2) with the intent to cause severe emotional distress; (3) with a casual connection

between the conduct and the injury and (4) severe emotional distress. Perks v. Town of Huntington, 96 F.Supp.2d 222, 230 (E.D.N.Y. 2000). No liability can be found unless "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Perks, 96 F.Supp.2d at 230 (quoting Howell v. New York Post Co., 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350 (1993)); see also Ticali v. Roman Catholic Diocese of Brooklyn, 41 F.Supp.2d 249, 267 (E.D.N.Y. 1999) ("In sum, 'my feelings were hurt' does not state a viable claim for intentional infliction of emotional distress.")

Intentional infliction claims may not be brought against municipalities. Lauer v. City of New York, 240 A.D.2d 543, 544, 659 N.Y.S.2d 57, 58 (1997) ("It is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity."). So too, courts are reluctant to recognize an intentional infliction of emotional distress claim in the employment context. Perks, 96 F.Supp.2d at 231. This is because courts do not want plaintiffs "to avoid the consequences of the employment-at-will doctrine by bringing a wrongful discharge claim under a different name." Ponticelli v. Zurich American Ins. Group, 16 F.Supp.2d 414, 440 (S.D.N.Y. 1998). "The rare instances where the New York courts have found the complaint sufficient to state an IIED claim in the employment context generally involve allegations of more significant battery, or improper physical contact." Gilani v. Nat'l Ass'n of Sec. Dealers, Inc., 1997 WL 473383, at *14 (S.D.N.Y. Aug. 19, 1997) (citing Olszewski v. Bloomberg, 1997 WL 375690, at *7 (S.D.N.Y. July 7, 1997) (permitting IIED claim because plaintiff alleged that she was raped and pressured not to reveal that fact after defendant became her supervisor); O'Reilly v. Executone of Albany, Inc., 121 A.D.2d 772, 503 N.Y.S.2d 185 (3rd Dep't 1986) (holding that plaintiff argued a viable IIED claim because she alleged that she was

"intentionally, repeatedly, and maliciously touched her in a sexual manner")). Plaintiff does not make any such allegations here.

## **CONCLUSION**

For all of the foregoing reasons, defendants respectfully submit that this Court should dismiss this action in its entirety, together with such other relief as to this Court deems just, proper and equitable.

Dated: Carle Place, New York
       February 24, 2015                       SOKOLOFF STERN LLP
                                               Attorneys for Defendants

By:    Steven C. Stern
       Melissa L. Holtzer
       179 Westbury Avenue
       Carle Place, New York 11590
       (516) 334-4500
       File No. 140060